UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

### LETTER OPINION

May 3, 2007

Michael R. Casey
53 Grist Mill Lane
Upper Saddle River, NJ 07458

    (*Appellant Pro Se*)

Eric R. Perkins, Esq.
3 University Plaza
5th Floor
Hackensack, NJ 07601

    (*Attorney for Appellee*)

    **RE:**    *Casey v. Perkins*, **Civil Action No. 06-3544 (WJM)**
           *In re: Michael Richard Casey*, **Bankruptcy Case No. 06-13504 (DHS)**

Dear Counsel:

    This matter comes before the Court on Appellant Michael Richard Casey's appeal of an order (the "Order") entered by United States Bankruptcy Judge Donald H. Steckroth on June 13, 2006.  In his Order, Judge Steckroth dismissed Mr. Casey's bankruptcy case for failure to comply with the duties set forth in 11 U.S.C. § 521(e)(2)(A)(i) — specifically, for failure to provide the Chapter 7 Trustee, Eric R. Perkins (the "Trustee"), with copies of the Federal income tax return information specified in § 521(e)(2)(A)(i) within 7 days of the date first set for the first meeting of creditors.  The dismissal was entered pursuant to 11 U.S.C. § 521(e)(2)(B), which states that in the event a debtor fails to comply with § 521(e)(2)(A)(i), "the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor."

The Trustee opposes Mr. Casey's appeal. The Court also received opposition papers from Pre-Petition Receiver Bruce D. Shoulson and from Stuart Rabner, Attorney General of New Jersey, on behalf of Franklin Widmann, Chief of the New Jersey Bureau of Securities.

On April 25, 2006, Mr. Casey filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code as an "individual." On May 1, 2006, the Trustee, Mr. Perkins, sent Mr. Casey a letter advising Mr. Casey of his appointment as Interim Chapter Trustee. (Perkins Aff., May 19, 2006, Ex. A.) In this letter, the Trustee also informed Mr. Casey that the date set for the first meeting of creditors was May 22, 2006, and instructed Mr. Casey that under § 521(e)(2)(A)(i), Mr. Casey was required to produce his last filed tax returns to the Trustee no later than 7 days prior to that date. (*Id.*) The Trustee's letter explained that if Mr. Casey failed to comply with the statute, his case could be subject to dismissal. (*Id.*)

On this appeal, Mr. Casey does not dispute that he failed to comply with § 521(e)(2)(A)(i), but argues that his failure to comply was due to circumstances beyond his control. The specific basis for Judge Steckroth's implicit conclusion to the contrary is not immediately clear to this Court, because Mr. Casey did not include the transcript of the June 13, 2006 hearing in the record on appeal. Therefore, in considering whether Mr. Casey's failure to comply with § 521(e)(2)(A)(i) was due to circumstances beyond his control, the Court has carefully considered the justifications offered by Mr. Casey in each of Mr. Casey's filings with this Court on appeal, including the Statement of Issues, Brief in Support of Appeal ("Appellant's Br.", and Reply Brief in Support of Appeal ("Appellant's Reply Br.").

This Court reviews legal conclusions *de novo* and mixed questions of law and fact under a mixed standard, affording a clearly erroneous standard to integral facts, but exercising plenary review of the bankruptcy court's interpretation and application of those facts to legal precepts. *In re CellNet Data Sys.*, 327 F.3d 242, 244 (3d Cir. 2003). Having considered the issue *de novo*, the Court finds that Mr. Casey has not demonstrated that his failure to comply with § 521(e)(2)(A)(i) was due to circumstances beyond his control. Mr. Casey's primary arguments are as follows:

- Mr. Casey states that he believed that the Trustee, Mr. Perkins, was unethical and would be replaced, and that he (Mr. Casey) could therefore wait and forward required papers to the replacement Trustee. (Statement of Issues ¶ 1; Appellant's Reply Br. 9.) Mr. Casey fails to demonstrate that his expectation of Mr. Perkins' imminent replacement was reasonable, but this expectation would not be proper justification in any event. Ignorance or misunderstanding of the law's requirements is not a sufficient justification for failing to comply with § 521(e)(2)(A)(i). *See In re: Gessner-Elfman*, 2006 Bankr. LEXIS 2715, at **5-6 (Bankr. Colo. 2006).

- Mr. Casey argues that he had been granted a three week extension from the court to submit certain bankruptcy schedules, including a list of creditors, and states that

2

>   he believed this extension would also apply to the tax return requirement. (Statement of Issues ¶ 2.) Once again, however, ignorance or misunderstanding of the law's requirements is not a sufficient justification for failing to comply with § 521(e)(2)(A)(i). *See In re: Gessner-Elfman*, 2006 Bankr. LEXIS 2715, at \*\*5-6.

- Mr. Casey argues that the Receiver and other parties prevented him from accessing certain personal and business records that were necessary for the preparation of his tax returns, and argues that his tax returns were extremely complex and time-consuming to prepare. (Appellant's Reply Br. 6-8.) However, the plain language of the statute requires the submission of the Federal income tax return "for the most recent tax year ending immediately before the commencement of the case *and for which a Federal income tax return was filed*." § 521(e)(2)(A)(i) (emphasis added). Mr. Casey's arguments about the difficulties he faced in preparing either his 2004 or 2005 tax returns in a timely fashion are therefore misplaced, as he could have complied with the statute by simply submitting his most recent *already filed* tax returns.

- Mr. Casey cites medical problems he suffered throughout the 2004-2006 time period — specifically, "significant near death medical problems deliberately generated by the Opposition" — but fails to sufficiently link those problems to his failure to submit copies of his most recently-filed tax returns prior to the statutory deadline. (Appellant's Br. 9-10, 19-20, 23; Appellant's Reply Br. 6.)

- Mr. Casey also seems to argue that he should be granted leeway because he is *pro se* (Statement of Issues ¶ 3), but this factor alone does not excuse his failure to comply with § 521(e)(2)(A)(i). *See In re: Gessner-Elfman*, 2006 Bankr. LEXIS 2715, at \*\*6-7.

Mr. Casey raises several other arguments that are irrelevant to the specific issue raised by the instant appeal. In sum, the Court finds that none of Mr. Casey's allegations demonstrate circumstances beyond his control within the meaning of § 521(e)(2)(B). The statutory language is clear; unless a debtor can show that circumstances beyond his control prevented him from complying with § 521(e)(2)(A)(i), the court must dismiss the case. 11 U.S.C. § 521(e)(2)(B); *In re: Gessner-Elfman*, 2006 Bankr. LEXIS 2715, at \*\*5-6.

For the foregoing reasons, the June 13, 2006 Order of United States Bankruptcy Judge Donald H. Steckroth, granting the Trustee's motion to dismiss Appellant Casey's Bankruptcy case, is **AFFIRMED**. An appropriate order accompanies this Letter Opinion.

s/William J. Martini

_____

**William J. Martini, U.S.D.J.**
